**Opinion issued March 5, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00864-CV

_____

**ANTHONY LEE ROBLES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 306th District Court**
**Galveston County, Texas**
**Trial Court Case No. 22-FD-0169**

---

## MEMORANDUM OPINION

Appellant Anthony Lee Robles is attempting to appeal from a final judgment in a suit affecting the parent-child relationship. The final judgment was signed on March 30, 2023 by Title IV-D Associate Judge Jennifer Baker. We dismiss the appeal for lack of jurisdiction.

In his notice of appeal filed on September 21, 2023, appellant stated that he had mistakenly filed his appeal with the 306th District Court and later sent it to the court of appeals. This document, filed on September 21, 2023, complains about the behavior of the associate judge and the Attorney General staff, and asserts that he presented sufficient evidence that he was taking care of his children's needs. The document was stamped, "Notice of Appeal – De Novo Hearing," indicating that the trial court clerk may have considered this to be a request for a de novo hearing by the presiding judge. But an order by an associate judge in a Title IV-D case becomes the final order of the family court by operation of law without need for ratification by the presiding judge unless a request for a de novo hearing is filed not later than the third working day after the date the party receives notice of the associate judge's order. *See Balachandrachari v. Tang*, No. 05-15-00889-CV, 2016 WL 3971323, at *2 (Tex. App.—Dallas July 22, 2016, no pet.) (mem. op.); TEX. FAM. CODE § 201.015(a). Because appellant did not file a request for de novo hearing within three working days of the associate judge's order, it became the final judgment, and appellate timetables began to run from that March 30, 2023 date. *See In re B.C.*, No. 07-19-00290-CV, 2019 WL 4726207, at *2 (Tex. App.—Amarillo Sept. 26, 2019, no pet.) (mem. op.) (dismissing appeal because mother did not timely request de novo hearing and did not file timely notice of appeal from associate judge order).

"The filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from." TEX. R. APP. P. 25.1(b). A notice of appeal must be filed within 30 days after the signing of the judgment unless a timely motion for new trial or other post-judgment motion is filed. *See* TEX. R. APP. P. 26.1. The clerk's record contains no post-judgment motion. Absent a timely-filed notice of appeal, this Court lacks jurisdiction over the appeal. *See Siddiqui v. Unlimited Asset Recovery, Inc.*, No. 01-09-00026-CV, 2009 WL 3930748, at *2 (Tex. App.—Houston [1st Dist.] Nov. 19, 2009, no pet.) (mem. op.).

If we consider the September 21, 2023 notice of appeal as an appeal to this court, it is untimely because the notice of appeal was due within 30 days of the date the judgment was signed. The subsequent notice of appeal filed on November 16, 2023 was also untimely.

Although the September 21, 2023 notice of appeal was filed within 6 months from the date the judgment was signed, appellant does not state in his notice of appeal that he is seeking a restricted appeal or include the requirements for a notice of restricted appeal. A notice of restricted appeal must include the following:

(A) State that the appellant is a party affected by the trial court's judgment but did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of;

(B) State that the appellant did not timely file either a postjudgment motion, request for findings of fact and conclusions of law, or notice of appeal; and

3

(C) Be verified by the appellant if the appellant does not have counsel.

TEX. R. APP. P. 25.1(d)(7). These requirements are jurisdictional. *See Ex parte E.H.*, 602 S.W.3d 486, 497 (Tex. 2020).

Appellant's notice of appeal does not include any of these requirements. Moreover, the clerk's record establishes that appellant participated through counsel in the hearing that resulted in the judgment. The final judgment states that a hearing was held and appellant appeared virtually through his attorney, Ron Rodgers. Thus, appellant cannot meet the jurisdictional requirements for a restricted appeal.

On December 19, 2023, this Court issued a notice to appellant stating that the notice of appeal appeared to be untimely filed and that the Court might dismiss the appeal for lack of jurisdiction unless appellant filed a response establishing this Court's jurisdiction by December 29, 2023. Appellant filed no response. On February 8, 2024, appellant filed a one-page document purporting to be a brief, but this document does not establish this Court's jurisdiction.

Because this Court lacks jurisdiction over this appeal, we dismiss the appeal. *See* TEX. R. APP. P. 42.3(a). Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Landau, and Hightower.